13-3021-ag
Weng v. Holder

BIA
Vomacka, IJ
A 087 554  161

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November,  two thousand fourteen.

Present:      ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
              RICHARD C. WESLEY,
                   *Circuit Judges*.
_____

QIU YU WENG,

         *Petitioner*,

         v.                                          13-3021-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

         *Respondent*.
_____

Appearing for Petitioner:     Joshua E. Bardavid (Eric Zheng, *on the brief*), New York, N.Y.

Appearing for Respondent:    Colette J. Winston (Lindsay W. Zimliki, Attorney, Stuart F.
                              Delery, Assistant Attorney General, Anthony C. Payne, Senior
                              Litigation Counsel, *on the brief*), Office of Immigration Litigation,
                              U.S. Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is GRANTED.

Qiu Yu Weng, a native and citizen of the People's Republic of China, seeks review of the July 16, 2013 decision of the BIA affirming the December 5, 2011 decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiu Yu Weng*, No. A087 554 161 (B.I.A. July 16, 2013), *aff'g* No. A087 554 161 (Immig. Ct. N.Y. City Dec. 5, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Here, the BIA declined to review the IJ's credibility determination, but agreed with the IJ's conclusion that Weng did not meet her burden of proof because she failed to corroborate adequately her claims of past persecution, and feared future persecution, in China on account of her practice of Christianity. "In this posture, we may not rest our holding on the IJ's credibility findings," if any, "because the BIA did not affirm and adopt those findings." *Yan Chen*, 417 F.3d at 271. Rather, we assume Weng's "credibility as to [her] testimony concerning the events of [her] past and as to [her] subjective fear of future persecution." *Id.* at 271–72.

Under the REAL ID Act, the agency may require corroboration despite otherwise credible testimony, unless it cannot be reasonably obtained. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). To deny an application for failure to provide such corroboration, the IJ must identify the relevant, missing evidence and explain why such evidence is reasonably available. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 251–53 (2d Cir. 2011); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009).

Weng applied for asylum alleging past persecution arising from her arrest by Chinese officials for distributing Christian pamphlets. The police detained Weng for four days and struck her shoulder a number of times. Weng's mother secured her release by paying a fine to the police. Weng subsequently lost her teaching job after the police informed the school of her illegal religious activities. To corroborate this claim, Weng submitted a letter confirming her arrest and detention from the friend who introduced Weng to the underground Christian church she attended and the fine receipt.

In finding that Weng failed to meet her burden, the agency pointed to evidence missing from the record: letters from Weng's mother and brother; documentation of her teaching job; her husband's testimony regarding her current practice of Christianity; and province-specific country conditions evidence. But the agency failed to address Weng's evidence documenting her claim for past persecution, i.e., her friend's letter and the fine receipt, without explaining why other documentation was necessary in light of this probative evidence.

Where the agency's fact-finding process was sufficiently flawed, this court may vacate and remand for new findings. *See Tian-Yong Chen v. INS*, 359 F.3d 121, 128–29 (2d Cir. 2004) (remanding where "both the BIA and the IJ overlooked potentially significant evidence supporting [petitioner's] applications for asylum"); *see also Yan Chen*, 417 F.3d at 272 (identifying "significant error" in BIA's failure to consider background materials that corroborated petitioner's subjective fear of persecution). While the agency is not required to "parse or refute" each piece of evidence, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006), there must be some indication that the evidence has been considered, *Anderson v. McElroy*, 953 F.2d 803, 806 (2d Cir. 1992) ("[W]e cannot assume that the BIA considered factors it failed to mention in its decision.") (internal quotation marks omitted).

From the record before us, we are unable to discern whether the agency adequately considered potentially significant evidence corroborating Weng's claim that she was detained and beaten on account of her Christian faith. Although the BIA assumed Weng testified credibly, it neither referenced the letter and fine receipt nor explained why they were not entitled to be credited. The IJ did not consider the letter and addressed the fine receipt only in relation to credibility findings that the BIA declined to adopt.

We have previously cautioned that the agency must "be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006); *see also Tian-Yong Chen*, 359 F.3d at 128. Because it is not clear in these circumstances that "the agency would adhere to its prior decision" if it were to assess the record accurately, *see Xiao Ji Chen*, 471 F.3d at 338, we remand the petition to the agency to reconsider its decision taking into account the evidence Weng submitted.

For the foregoing reasons, the petition for review is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3